Evan Blum
Defendant pro se
216 East 125 St.
N.Y.C., N.Y., 10035
212-860-1138

**UNTED STATES DISTRICT COURT**
**FOR DISTRICT OF RHODE ISLAND**

CA 06 289T

----------------------------------------x

| | |
|---|---|
| Milton Salomon, et al<br>Plaintiff<br><br>Evan Blum<br>Defendant | **Notice of Removal**<br>**Civil Action File No.06-317** |

----------------------------------------x

Dear Clerk of the Court:

Please forward the attached to the Honorable United States District Judge assigned by the sealed justice wheel in rotation.

Herein enclosed is a copy of the United States District Court, District of Rhode Island, Notice of Removal and Material Statement of Facts in Support and Exhibits and copy of state notice to be filed and certification of Mailing and proposed order .

Your petitioner is defendant, pro se.

Evan Blum
Defendant pro se
216 East 125 St.
N.Y.C., N.Y., 10035
212-860-1138

BARRY J. KUSINITZ, ESQ.
155 SOUTH MAIN ST. - RM. 405
PROVIDENCE, R.I. 02903

**UNTED STATES DISTRICT COURT**
**FOR DISTRICT OF RHODE ISLAND**

CA 06 289T

| | |
|---|---|
| Milton Salomon, et al<br>Plaintiff<br><br>Evan Blum<br>Defendant | **Notice of Removal**<br>**Civil Action File No.06-317** |

Petitioner, Evan Blum the defendant in the above entitled alleged cause of action states and declares under penalty of perjury, the truth of:

1. Defendant Evan Blum desires to exercise his rights under the provisions of Title 28 U.S.C.§1441 *et seq*., to remove said action from the State of Rhode Island and Providence Plantations, Superior Court, County of Washington in which said cause is now pending under the name and style: Milton Salomon, et al , Plaintiff v. Evan Blum, Defendant ,Civil Action File No.06-317.

2. This is an action of a civil nature in which the District Courts of the United States, Southern District New York ,(Daniel Patrick Moynihan United States Courthouse) has acquired original jurisdiction under Rule 4 insofar as "first filed rule" for similar claims under caption: Evan Blum, plaintiff, v. Milton Salomon, Betty Salomon, David Salomon, Debra

Salomon and Victor Orsinger ,defendants, Civil Action No. 06-CV 3149, filed Apr. 24, 2006.and served thereafter; and assigned to Hon. William H. Pauley, USDCJ . **Exhibit A.**

2a. And further the plaintiffs above action of a civil nature in which United States District Courts have been given original Jurisdiction in that it arises under the laws of the United States as provided in 28 USC §1331 and further in that it arises under an act of Congress regulating commerce as provided in 28 USC §1337.

2b. And further, because certain defendants engaged in a number of abusive debt collection practices in violation of Fair Debt Collection Practices Act ("FDCPA") 15 USC §1692 et seq. violative acts ,in person, telephonic, e-mail ,fax, and mail regarding unfair and deceptive debt collection practices in order to collect debt allegedly owed by Mr. Blum based on alleged default grounded on improper amounts and making threats of actions that they were and or could not carry out lawfully.

3. In the event jurisdiction is not sustained (and there can be no denying that it can be sustained) under paragraph 2., 2a. and 2b, in the alternative ;and in addition , there exists complete diversity of citizenship of parties, between state plaintiff and defendant, the amount of controversy

exceeds the sum of $75,000, unlawfully withheld in escrow despite lawful demand and mis-construed as "debt collected" by attorneys acting as debt collectors, exclusive of interest and costs and thus original jurisdiction in the District Courts of the United States as provided in USC §1332; and further there is original jurisdiction in particular United States District Court for District of Rhode Island, which embraces where this state action is pending right now. In state complaint for Damages filed by Salomons, plaintiffs seek judgments,(see petitioner's Material Statements in support ¶#5 attached (*see* state cmplt: pg.7 and 8) inter alia, further petitioner's proof of prohibited debt collection is the state complaint itself seeks judgment "*to retain the deposit" collected* by state plaintiff attorneys before any commencement of action in state court acting as debt collectors in the amount of Eighty-Two-Thousand and Five Hundred ($82,500 U.S.) presently in debt-collector-attorney's hands .Thus additional Jurisdiction is specifically conferred in a United States District Court by the aforementioned statute as well as 28 USC §§1331 and 1332. Venue is placed in a District Court under 15 USC §1692 (k)(d) and 28 USC §1391(b).Said action and subsequent counterclaims therefrom will alleges controversy arising out of the statutes and laws of the United States, namely in that the agreement and matters alleged are governed by said provisions of the FDCPA Act, inter alia and thus by

federal law. The contract is silent on any specific opposition to the above.

4.Under provisions of 28 USC 1441 ,*et seq.* the right exists to remove this plaintiffs alleged state cause from State of Rhode Island and Providence Plantations, County of Washington, Superior Court to a United States District Court for the District of Rhode Island which jurisdictionally embraces the place where this state action is pending. And as further described in paragraph ¶3., above.

In the alternative, as set forth in paragraph 2.,2a., and 2b. hereof, this state action involves a controversy between citizens of different states. Plaintiff is alleged now, and was at commencement of this state action a citizen and resident of the State of Rhode Island and state defendant is now, and was at commencement of this litigation, a citizen and permanent resident of the State of New York with principal place of business in the State of New Yorkand was not and is not a citizen or permanent resident of Rhode Island inasmuch as personal income taxes are paid to NYS and all voting in NYS.

5. The date on or before which this defendant is required by the laws of the State of Rhode Island or New York or the Civil Rules of Procedure of the State of Rhode Island or New York or by the Rules of

Washington County, Superior Court to answer or plead to plaintiff's state Complaint has not lapsed. On or about May 23rd, 2006 plaintiffs commenced this action in the Superior Court of the State of Rhode Island, County of Washington. A copy of the summons and complaint is attached hereto as Action File No.06-317. **Exhibit B.**

5a.The defendant was overseas in Latin America, has returned and obtained a stipulation from opposing counsel, Barry J. Kusinitz, Esq. with notice of appearance filed in state court but to answer or otherwise move by June 28th, 2006 .Thus state defendant's time 'to answer or move is within about 20 days after service of the summons upon defendant ,exclusive of the day of service'; and pursuant the Rhode Island State, Superior Court, Rule 13(a) on the summons face: defendant's answer may state as a counterclaim any related claim which defendant may have against plaintiffs. **Exhibit C.** Notice of state appearance and state stipulation to extend time.

5b.In accordance with the requirements of 28 USC §1446, this notice of removal is filed within thirty (30) days after service of summons and complaint on state defendant ,Evan Blum, as no more than thirty (30)days have elapsed since served with state summons and complaint.

5. Pursuant to the provisions of 28 USC §1446, state defendant, Evan Blum attaches herewith and incorporates herein by reference copies of the following served by Evan Blum ,as plaintiff, in USDC SDNY against federal defendants, Milton Salomon et al ,defendants ,Civ Action 06CV 3149, dated Apr.24, 2006; and in retaliation and punishment by state plaintiffs, Salomons upon Evan Blum, state defendant commenced state action for his exercise of federal rights in the "first filed rule" action:

(a) Certified USDC, SDNY, Civil Docket Case#:1:06-cv-03149 WHP

(b) Summons ,complaint bearing 06-CV-3149 and Certified items #3 and #4 Summons and affidavit of service dated 4//29/06 executed upon Milton Salomon and Betty Salomon being marked as **Exhibit A** supra. Furthermore, David Salomon personally served by Mass. Deputy Sheriff Michael Doyle and Victor Orsinger personally served by R.I. Deputy Sheriff Gary Bellows. *see* **Exhibit A** true copy of originals in USDCSDNY.

(c) Plaintiffs Salomons state complaint in the Rhode Island State, Superior Court bearing case No.06-317, being marked as **Exhibit B** supra.

(d) Summons served and received by this defendant after May 23rd 2006 also marked **Exhibit B** supra.

(e) plaintiffs affidavit of service of process transmittal form, being marked as **Exhibit B** supra.

7. By reason of the alleged disputed contract premises, defendant Evan Blum desires and entitled to have the second filed state case No.06-317, cause removed from State of Rhode Island, Washington County, Superior Court, to the United States District Court for the District of Rhode Island, such being the district where said suit is pending and conditioned that defendant, Evan Blum will pay the statutory court costs and disbursements incurred by reason of these removal proceedings should it be determined that this case was not removable or was improperly removed and in all things and conditions according to law.

8. Written notice of the filing of this petition will be given to adverse parties as required by law.

9. The petitioner has a good and sufficient defense and counterclaims for this action as well as prior pending federal claims pending based as noted by the USDC SDNY Clerk under "Cause: 28 USC §1332 Diversity–Other Contract" (*see* Certified USDC SDNY Docket sheet page 1 of 2).

10.No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, defendant, Evan Blum prays that this action be

removed to the USDC, District of Rhode Island and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though his action had originally been instituted in this Court.

Dated: New York, New York
June 20th 2006

Evan Blum
Defendant pro se
216 East 125 St.
N.Y.C., N.Y., 10035

Certificate of Service

I hereby certify that on June 21st 2006 I did serve a true copy of the forgoing state notice and federal notice for removal, petition for removal , various certified and uncertified exhibits and statements in support for removal therein mentioned, upon Barry J. Kusinitz ,Esq. attorney of record for plaintiffs in the above–entitled action by causing the same to be placed in the United States Postal Service mail, certificate of mailing ,postage prepaid and mailed to :

Mr. Barry Kusinitz, Esq.
Attorney for plaintiffs
Milton Salomon and Betty Salomon
155 South Main Street, Suite 405
Providence, Rhode Island, 02903