**UNTED STATES DISTRICT COURT**
**FOR DISTRICT OF RHODE ISLAND**

CA 06 289 T

| | |
|---|---|
| Milton Salomon, et al<br>Plaintiff<br><br>Evan Blum<br>Defendant | **Notice of Removal**<br>**Civil Action File No.06-317** |

**STATEMENT OF FACTS IN SUPPORT AND FURTHER ENTITLING DEFENDANT TO REMOVAL**

1. Petitioner, Evan Blum the defendant in above entitled cause of action appears for purpose of removal and for no other purpose and declares under penalty of perjury the truth of the following:

2. Defendant Evan Blum desires to exercise his rights under the provisions of Title 28 U.S.C.§1441 *et seq*., to remove said action from the State of Rhode Island , Superior Court, County of Washington in which said cause is pending under the name and style: Milton Salomon, et al , Plaintiff v. Evan Blum, Defendant ,Civil Action File No.06-317.

3. In furtherance, Petitioner declares that state plaintiffs service was on or about May 26th 2006 by process of state summons and complaint in NYC, NYS but subsequent to USDC,SDNY acquired personal jurisdiction by personal service ,dated April 29, 2006 upon Milton Salomon

and Betty Salmon, et al, federal defendants, by Rhode Island State Deputy Sheriff Sgt. Anthony Curreri by certified copy of originals presently in USDC SDNY Clerk's custody.( *see* Exhibit A certified service affidavit executed)

4. Petitioner, a state defendant ,herein, declares the action is of a civil nature, alleged contractual breach, inter alia, albeit retaliatory, and within original jurisdiction of the USDC, District of Rhode Island under 28 USC §1332.The plaintiffs Milton Salomon and Betty Salomon, are Rhode Island citizens and residents; and defendant, Evan Blum citizen and permanent resident and registered voter of New York State, with principal place of business is in N.Y.C., N.Y.S. not in Rhode Island.

**Bond Waiver As FDCPA Violations & USDCSDNY Action Pending**

5. Firstly, the plaintiffs civil state complaint seeks three counts of judgment (i (breach of contract), ii (declaratory judgment), iii (injunctive relief),inter alia, (*see* Exhibit B cmplt. Pg.8-9) seeks 'retention' declaration of mis-collected $82,500,withheld despite return demand. Defendant submits any bond waived or $82,500 to be transferred to the cashier in USDC to be held till USDC determination. Secondly, bond waived as no state money judgment exists to be vacated and the complaint amount is to be

determined by this Court, if any. Thirdly, petitioner commenced the 'first filed rule' action (06 CV-3149 dated 04/24/2006: v .Milton Salomon, Betty Salomon, David Salomon, Deborah Salomon, Victor Orsinger ) pending against Milton Salomon ,at al and established federal standing in USDC SDNY and should not be penalized for access to USDC with state complaint in retaliation and punishment of defendant petitioner's current and prior exercise of federal rights. Fourthly, notwithstanding all of the above, if plaintiffs shows prejudice of irreparable harm, likelihood of success and adequate equity that may present adequate and sufficient opposition then defendant may proceed to a bond application subject to Court's determination and bond necessary amount with the USDC, District of Rhode Island as required to extinguish any such claim, as may be presented.

6. In the above described state action the plaintiff's attorney alleges actions that can be ascribed by petitioner as unfair and deceptive debt collection practices admissions to the plaintiffs attorneys (state cmplt.§§15,18, 21, 22, 25) insofar as violated 15 USC §1692 et seq. with failure of return of monies and venue is transferable to district court pursuant to 15 USC §1692(k)(d) and 28 USC §1391(b). The state defendant's evidence is state plaintiffs seek a declaration legalizing the FDCPA prohibited acts (state cmplt. Pg. 9:¶2) by seeking via declaration to retain

"debt" improperly collected. The state plaintiffs attorneys acted as debt collectors, telephonically, by faxes and e-mail, written mail and placed alleged debt collection communications with USPS for delivery to and received by defendant contained threats and or actions that they could not lawfully undertake prior to offering the re-quired statutory validation period thru standard communication validating the purported "debt" by conforming to the fair appraisal *prior to the commencement of state action* on an alleged debt, that is not mature with inaccurate amounts prior and absent mutually agreed independent fair certified value appraisals effective 12/31/2005. And are therefore subject to defendant's counterclaims upon removal to USDC.

6. If any defect exists in the petitioner's removal pleadings that leave be granted to cure by amendment under Rule 15 inasmuch as statute of limitations of thirty days expires after filing but prior to determination; and under Rule 81(c) after filing of all Notices that the Rules govern all subsequent procedures and petitioner complies to Local Civil Rule 81 removal from state court.

**Federal Preemption & Jurisdiction**

7. The state complaint by plaintiffs is preempted by federal jurisdiction and federal questions of fact regarding the violative FDCPA acts

prohibited by the Act of Congress 15 USC 1691 *et seq*., a federal issue of fact, which pertains to plaintiffs attorneys and others, alleged acted as debt collectors ( *see* references state complaint ¶¶#5-25) on behalf of state plaintiffs prior to any legal action filed and or commenced by service as encompassed during the time period of August 1st, 2005 thru April 24th, 2006. However the United States District Court, District of Rhode Island has and can entertain concurrent jurisdiction of state and federal statutes.

8. Unavailing the state plaintiffs attempt to avoid and evade federal jurisdiction and shoe horned in state complaint ¶#3 by mis-averring a negative inference directly and or indirectly that defendant, petitioner is a permanent Rhode Island citizen and resident as 'owner of record' appears on property list as submitted an uncertified copy of deed dated April 27th 2004 allegedly recorded 5/4/2004. In fact, Mr. Evan Blum is not the sole "owner of record" but other parties and their respective interest are not part of the state complaint allegation ¶#3. Further the state plaintiffs err as they did not consider or regard the late Elleen Gentl Blum (Mr. Blum's recently deceased mother survived by her husband and other heirs) estate and surrogate matters are not before the state court . However to the degree the state plaintiff's exhibit#1 deed is submitted ***state plaintiffs admit and***

***concede that petitioner-defendant's "owner of record":"EVAN BLUM of New York ,New York mailing address is** 216 East 125 Street, NewYork, NewYork, 10035**, as reflected by the deed***. Thus petitioner's citizenship as a natural person and permanent resident domiciled in N.Y.C., N.Y.S. and as a claim of right arising under diversity under §1332 with the amount of controversy met ,then removal demand to USDC ,District of Rhode Island is appropriate.

Hence the state plaintiff's characterization of defendant-petitioner in state court complaint is not is not controlling and such mis-characterization was solely to interfere with petitioner's right for removal as stated.

But on the by and by, with deference to the state plaintiffs attorney, Mr. Kusinitz's inflammatory sprinkles in the state complaint with allegations that are not part of a cause of action for injury or negligence eg.: "hospitalized" and "too much for the Salomons..far less upkeep and effort" just to name a few (state cmplt. ¶#4). It is scandalous remarks if not stricken that do not relay factum add sympathy exciters with mis-emotional dunnage.

8. Irregardless ,the state complaint is absent even a hint of pending USDC SDNY Civil Action under No. 06-Cv 3149 that such absence speaks of the state complaint as lacking pertinent facts of pending federal action and that state action seeks to frustrate, impair, impede and

prejudice the federal pending action where it is established a federal jurisdiction has been acquired

8.You are also advised that defendant on filing said notices and such petition for removal in the Office of the Clerk of the United States District Court for the District of Rhode Island, also filed copies thereof with the Clerk of the Superior Court for the State of Rhode Island, in and for County of Washington , to effect removal pursuant to 28 USC §1446 (e) .

WHEREFORE, the petitioner further prays for removal of state action now pending against him in the Rhode Island Superior Court to be removed to USDC ,District of Rhode Island .

Dated: June 20 ,2006
New York, New York

Evan Blum
Defendant pro se
216 East 125 St.
N.Y.C., N.Y., 10035
212-860-1138

Milton Salomon and Betty Salomon, state plaintiffs
Attorney for state plaintiffs
155 South Min St., suite 405
Providence, Rhode Island,02903
Tel;401-831-4200