UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
-----------------------------------------------X

RE: NOTICE OF REMOVAL CA 06 289T

STATE OF RHODE ISLAND SUPERIOR COURT
WASHINGTON COUNTY
-----------------------------------------------X

MILTON SALOMON and
BETTY SALOMON
PLAINTIFF
V. W.C. 2006 -317
EVAN BLUM
DEFENDANT
-----------------------------------------------X

**ANSWER**

Evan Blum, Defendant, pro- se, allege for the answer and counterclaims, as follows:

1. Lacks sufficient information and or knowledge to admit or deny.

2. Lacks sufficient information and or knowledge to admit or deny.

3. Admit as to partial ownership interest in Plat 6 and without sufficient information to form a belief as to the truth of the remaining allegation in paragraph #3.

4. Defendant is without sufficient information and or knowledge

to admit or deny paragraph #4.

5. Defendant admits to having a conversation with Deborah on or about August 7 or 8 ,2005 but lacks sufficient information and or knowledge to form a belief as to the truth of the allegation of the remaining paragraph #5.

6. Lacks sufficient information and or knowledge to admit or deny.

7. Admit to having a conversation on op about September 12, 2005 and lacks sufficient information and or knowledge to admit or deny.

8. Admit in receipt.

9. Admit and that the communication speaks for itself.

10. Admit .

11.Admit as to having a conversation with David Salomon during 9/26/05 through 9/29/05.The defendant is without sufficient knowledge and or information to form a belief to admit or deny remaining allegation in same paragraph. Admits as to receipt of electronic transmission . The defendant is without sufficient knowledge and or information to form a belief to admit or deny remaining allegation in same paragraph.

12.Admit to signing agreement but it was represented if I was not to able to get bank appraised financing for the proposed amount

$850,000 hat plaintiff-seller would make an adjustment accordingly In the proposed sales agreement.

13. Admit as to signature and deny as to all other allegations in the paragraph .

14. Admit receipt of electronic transmission and that communication speaks for itself.

15.Admit Shanker check issued .The defendant is without sufficient knowledge and information to form a belief to admit or deny the remaining allegations.

16. Admit as to receipt of electronic transmission .Lacks sufficient information and knowledge to form a belief to admit or deny.

17. Admit as to receipt of electronic transmission and admit as tin business of recovery and deny statement "grand hotel" and 20th century and lacks sufficient information and knowledge to form a belief to admit or deny remaining paragraph #17.

18. At the relevant time, the Lending Bank appraisal by a licensed appraiser yielded factual appraisal value amount of $490,000 and deny $450,000. With regard to the two other contentions in the same paragraph lack information and knowledge to form a belief to admit or deny.

19. Admit receipt of electronic transmission and lack sufficient information and knowledge to form a belief to admit or deny then remaining paragraph.

20. Admit having a conversation on 12/27/2005 that day in Narangassett and informed that the lending bank's appraisal did not conform to plaintiff's purported two appraisal and property not insufficient and hat was a problem .And lack sufficient knowledge or information to forma belief to admit or deny remaining allegations in the same paragraph.

21. Admit receiving electronic transmissions but do not know when sent .

22. Admit as to receipt of correspondence but lack sufficient information and knowledge to form a belief as to admit or deny allegation in remaining paragraph.

23. Admit as to meeting for settlement discussion.

24. Admit to correspondence and lack knowledge and information to form a belief to admit or deny the remaining paragraphs.

25. Admit that correspondence sent .

26. See answer as above for each and every prior allegation as set forth incorporated by reference in Count 1.

27. Deny .

28. Deny.

29.See prior answer, defendant incorporates in his answer to the corresponding paragraphs in Count 2.

30. Deny .

31. See prior answer, defendant incorporates in his answer to the corresponding paragraphs in Count 3.

32. Deny .

Regarding plaintiffs relief

Deny each and every plaintiffs judgment relief and deny all 1.-6. prayers.

**Affirmative Defense**

1. Plaintiff Milton Salomon lacked standing and or capacity to commence the instant litigation and in conflict with his sworn statements. That the voidable contract affected by statutory prohibitions as malum prohibitum intent, as to be shown in Court. That Mr. Milton Salomon according to his representations has sustained loss of memory .

2. Alleged plaintiffs made repeated mistakes as to the property value and reliable appraisals

3. That plaintiffs have unclean hands and are collaterally estopped from improper and baseless claims.

**COUNTERCLAIMS**

**FRAUD**

1. Deceptive and unfair business practices employed by plaintiffs and with third parties Deborah Salomon , David Salomon and Mr Orsinger on behalf of plaintiffs and for themselves. That legal performance becoming illegal with anticipatory repudiation and that such is unconscionable under any sales agreement insofar as against plaintiff-consumer fraud that it had elements and or non-elements with provisions that limit remedies and or fail to adequately state same, that alleged price is a deceitful ,unconscionable, and unreasonable in the context of all the facts and factual appraisal.

2.That plaintiffs not entitled to recover on the alleged contract , as alleged in complaint sued on was procured through fraud of the plaintiffs and their representatives Debbie Salomon, David Salomon and Mr. Orsinger pursuant to Rule 9(b) of Federal Civil Procedures defendant alleges.

3.On or about Sunday, 8/7/2005 or Monday, 8/8/2005 allege

Deborah Salomon on behalf of plaintiffs and herself stated materially two appraisals were actively being done, and appraisals confirm asking price, to be shown and despite inquiries with negative results at what method :eg. replacement, insurance or market and the request for what usage or basis as to value worth appraisal ,her response we want to be with fair and further material statements said lender bank appraisers recommended by their bank according to their current lending practices and criteria. That Ms. Salomon knew or should have known this was false at the time. That material mis-statement was to induce plaintiff to sign proposed contract. That statement sought plaintiff's material reliance on the asking price as an appraised and lending value price is bank loanable based on equity and fair value.

That in so doing she made an oral application for a solicitation from defendant, based on the discloseable appraised value and that these representations and solicitations were ongoing routinely and regularly and followed up by phone e-mail and visits.

4.Thereafter, during the time of 09/26/05-09/29/05David Salomon

on behalf plaintiffs and himself in furtherance of alleged deceit of appraisal was done and that the asking price based upon the appraisals for the bank and defendant's inquiry denied again and again defendant's demand for copy of deemed legitimate appraisal that a lender can execute. Instead in progress of the deceit he demanded a signed contract for plaintiffs new place to move in before the winter. He advanced that signature on contract would be solely for plaintiffs to get a loan as no suitable verifiable income that could be used to support a condominium loan and that signature was perfunctory and not obligatory.

5.The plaintiffs statements and or the representations for them and on their behalf *of two bank appraisals and their appraised determinations of asking price of $850,000* were contemporary misrepresentations that were material and false to induce a contract signature.

6a.The truth was there were no certified appraisal by bank lending licensed appraisals of the property and no bank would give that as almost double the appraisal value of the contemporary value. Also the facts were known by plaintiffs and their representatives ,Debbie

Salomon, David Salomon and Mr. Orsinger.

In connection to appraisals none ever shown the defendant, despite numerous demands.

6b The plaintiffs and their representatives Debbie Salomon and David Salomon made the statements knowing they were false and for the express purpose to inducing the defendant to issue his contract signature in contract in dispute.

Also plaintiffs with and thru their son and daughter represented how they knew my grandfather and thus they are valuable neighbors that can be trusted after thirty five years of family neighbors.

7.The misrepresentations made by plaintiffs and further by Debbie and David Salomon in the oral solicitations were to induce signature.

8. Thereafter that on or about 10/03/05 that plaintiffs with and on their behalf Mr. Orsinger represented that signature was not final and that I would get the appraisal and that contract was only necessary for plaintiffs to get condo loan and further that plaintiffs were reasonable people that if there is any discrepancy that adjustment would be amendable ask for fairness and as doable with a bank that could make the loan. Defendant asked if he needs a lawyer to read the

contract as he was always a bad student and had reading problems with comprehension. Mr Orsinger said he is a specialist in real estate and did not see a need for any lawyer before signature and that he could save lawyers fees.

9.In reliance to each and every material misrepresentation the defendant executed the contract. The misrepresentation contained and stated were material to the signature and execution and to the subject matter of the allegations and purported pleadings.

10. The defendant relied continuously and made to do so upon the Representations made during the solicitation, for the signature and Execution and would not have entertained and or signed the contract in question in the lawsuit, if the true facts had been disclosed by the plaintiffs, and on their behalf by Debbie Salomon and for herself and on their behalf .David Salomon and for himself and Mr. Orsinger on behalf of plaintiffs and for himself ,as alleged for contract execution.

11 By reason of the false and untrue material statements and Representations made by plaintiffs, Debbi Salomon, David Salomon, and Mr. Orsinger for the contract execution in question of the law

suit ,thus the contract in dispute is null and void to the express terms and conditions as based upon misrepresentations that were material. And peculiarly vital as to two appraisals that were never submitted to defendant for a bank loan .

12.Immediatly after learning of the falsity of the representations the defendant rescinded the signature, notified the plaintiffs and Mr Orsinger that the contract was false and null and void as a result of the Misrepresentation in the application of the solicitation and execution Of contract and tenders to the plaintiffs and or Mr Orsinger's debt collection was improper unfair and deceptive were demanded to be refunded and or remitted back and wanted my money and with interest back in connection to the contract in dispute from the date of the collection.

**Jury Demand**

The defendant demands a jury.

WHEREFORE the defendant prays for judgment Declaring contract null and void and plaintiff to be awarded the return of deposit of $82,500 ;and or reforming contract to be fair market price based on certified licensed appraisal as useable by a bank for the closing of he contract and all costs and disbursements as the

court deems fair and just.

Dated: New York New York
June 27 2006

Evan Blum
Defendant pro se
216 East 125 St
NYC NY 10036
212-860-1138

**Certificate of Mailing**

I hereby certify that on June 26, 2006, I did serve a true copy of the forgoing answer affirmative defense and counterclaim upon Barry J. Kusinitz, Esq. attorney of record for plaintiffs in the above entitled Action by causing same to be placed in exclusive custody of USPS Mail, postage prepaid and mailed to:

Mr. Barry Kusinitz,Esq.
Attorney for plaintiffs
Milton Salomon & Betty Salomon
155 South Main Street
Providence, Rhode Island,02930