2/19/07
10:40 AM
$11 00 Check

UNITED STATES DISTRICT COURT

# SUBPOENA

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MILTON SALOMON and BETTY SALOMON,<br>VS.<br>EVAN BLUM. | CASE NO. 06-0289T |

TO **Victor Orsinger, Esq., Orsinger & Nardone, Narragansett Bldg., 53 High St., Westerly, RI 02891-0558**

[ ] **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above entitled action.

LOCATION OF COURT

COURTROOM #

DATE

TIME

[x] **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above entitled action.

1600 Financial Plaza Providence, RI 02903
LOCATION OF DEPOSITION

Feb. 28, 2007 at 1:00 pm
DATE AND TIME

[x] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A
DOCUMENTS/OBJECTS

1600 Financial Plaza Providence, RI 02903
LOCATION

ROOM #

Feb. 28, 2007
DATE

1:00 pm
TIME

[ ] **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

LOCATION

ROOM #

DATE

TIME

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify Federal Rule of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) — DATE: 1-18-07

**ATTORNEY FOR: [ ] Plaintiff [x] Defendant**

J. Richard Ratcliffe — ISSUING OFFICER'S NAME (Print/Type)
2603 — REGISTRATION #

1600 Financial Plaza — STREET
Providence — CITY/TOWN
RI — STATE
02903 — ZIP

**PROOF OF SERVICE**

2/9/07 — DATE
Law Offices Orsinger & Nardone 53 High St Westerly, RI — PLACE

**SERVED**

Paula Jackson for Paula Jackson
Victor Orsinger, Esq — SERVED ON (PRINT NAME)
In person in hand — MANNER OF SERVICE

SERVED BY (PRINT NAME)
TITLE
UNITED STATES DISTRICT COURT
Federal Process Server
Micheal H. Arnold

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2/9/07 — DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

**Notes.** Rule 45, Federal Rules of Civil Procedure Parts C & D:

*(c) Protection of Persons Subject to Subpoenas*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

*(d) Duties in Responding to Subpoena*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## I. INSTRUCTIONS.

1. Furnish all documents and items within your possession, custody or control or the possession, custody or control of your attorneys responsive to the requests sets forth in Section III below.

2. As to any requested documents or items with respect to which respondent makes any claim of privilege or as to which respondent makes any claim of protection from discovery, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claimed privilege.

## II. DEFINITIONS.

The following definitions apply to these requests to produce:

1. The Purchase and Sale Agreement. This term refers to the sales contract through which Milton and Betty Salomon intended to convey the real estate located at 222 Alton Bradford Road in Hopkinton, Rhode Island to Evan Blum.

2. Documents. This term is to be construed in its broadest sense, including, without limitation, any paper or other writing and any item of graphic material, however recorded or reproduced.

3. Communications. This term means any written or oral transmission of fact, information, or opinion, including any utterance, notation, electronic transmissions or statement of any nature whatsoever.

4. Pertaining to. This term means concerning, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, explaining, constituting, evidencing, memorializing, or relating to.

5. The Property. This term refers to the real estate located at 222 Alton Bradford Road in Hopkinton, Rhode Island and designated as Lot 34A on Hopkinton Tax Assessor's Plat 6.

6. Mr. Blum This term refers to the defendant, Mr. Evan Blum.

7. The Salomons. This term refers to the plaintiffs, Milton and Betty Salomon.

8. Real Estate Brokers. This term refers to all individuals and entities engaging in the buying, selling or valuing of real estate.

## III. DOCUMENTS TO BE PRODUCED

1. All drafts of the Purchase and Sale Agreement.

2. All documents and communications pertaining to the Property, including listing agreements, sent to or received from Real Estate Brokers over the past five years, regardless of whether the services of any such Real Estate Broker were retained.

3. All documents and communications pertaining to interactions between yourself and Mr. Blum and/or his agents concerning the Property and/or its sale

4. All documents and communications pertaining in any way to the value of the Property over the past five years, including appraisals, any valuation undertaken by Mr. Cecil Cohen, and any valuation undertaken for the purpose of determining estate taxes

5. All documents and communications pertaining to offers and inquiries received on the Property over the past five years.

6. All documents and communications pertaining to the Salomons' need to conclude the purchase and sale of the Property quickly and/or within a specific time frame.

7. All documents and communications pertaining to mortgage applications, mortgages, and insurance policies on the Property over the past five years.

8. All documents and communications pertaining to mortgage applications, mortgages, and insurance policies incurred under the Salomons' name on 6 Baldwin Court in Narragansett, Rhode Island.

**RECORD CERTIFICATION**

This is to certify that the enclosed ________________ (number of pages, films, slides or other materials) constitute a true, exact, and complete set of all records in my possession meeting the above description.

SUBSCRIBED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS ________ DAY OF ______________, 2007.

________________________________
Authorized Signature