UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MILTON SALOMON and | : | |
| BETTY SALOMON | : | |
| | : | |
| vs. | :. | C.A. NO. 06 -289 T |
| | : | |
| EVAN BLUM | : | |

**MOTION TO CONSOLIDATE**

Now comes the Plaintiff Betty Salomon, pursuant to F.R.C.P. 42, to move to consolidate this matter for all purposes with that certain civil action known as *Blum v. Salomon*, pending in the United States District Court for the District of Rhode Island, and numbered as C.A. No. 07-009T. Plaintiff's motion is supported by the attached memorandum of law.

Plaintiffs
By their Attorney,

/s/ Barry J. Kusinitz

Barry J. Kusinitz, Esq. (#1404)
155 South Main Street, Suite 405
Providence, RI 02903
Tel: 401.831.4200
Fax: 401.831.7053
E-Mail: bkusinitz@bdglawyers.com

DATED: April 10, 2007

**Certification**

I hereby certify that on the 10th day of April, 2007, a true and accurate copy of the within was e-mailed with the Court and as a result the following will be noticed electronically at the time of filing, to the following: J. Richard Ratcliffe, Esq., 1600 Financial Plaza, Providence, RI 02903.

/s/ Barry J. Kusinitz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MILTON SALOMON and :
BETTY SALOMON :
:
vs. :. C.A. NO. 06 -289 T
:
EVAN BLUM :

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

The Plaintiff Betty Salomon[1] has moved to consolidate this matter for all purposes with that certain civil action known as *Blum v. Salomon*, pending in the United States District Court for the District of Rhode Island, and numbered as C.A. No. 07-009T.

Rule 42 itself states that consolidation may be appropriate "when actions involving common questions of law or fact are pending before any court." The First Circuit reiterated that "[t]he key threshold issue is whether the two proceedings involve a common party and common issues of law and fact," *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc*., 878 F.2d 5, 8 (1st Cir. 1989), and has gone on to observe that [o]nce this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. A motion to

[1] Betty Salomon's husband Milton Salomon passed away after commencement of this action. They both owned the real estate that is the subject of this dispute as tenants by the entirety. As such, ownership passed by Mrs. Salomon by operation of law.

consolidate will usually be granted unless the party opposing it can show 'demonstrable prejudice." *Id*.; *See also*, *Storlazzi v. Baley*, 68 G.3d 455 (1st Cir. 1995).

In *Russo v. Alamosa Holdings, Inc*., 2004 W.L. 579378 (D.Tex. 2004), the Court gave a comprehensive laundry list of factors to be considered in determining whether consolidation is appropriate as follows:

1. The cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district;
2. The Cases involve a common party;
3. The Cases involve common issues of law and/fact;
4. There is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;
5. Consolidation will not result in an unfair advantage;
6. Consolidation will conserve judicial resources;
7. Consolidation will reduce the time for resolving the cases when compared to separate trials; and
8. Consolidation will reduce the expense of trying the cases separately.

All of these factors are met here. This case involves a dispute arising out of an agreement, dated October 3, 2006, pursuant to which the Salomons agreed to sell certain real estate owned by them in Hopkinton, Rhode Island to the Defendant Evan Blum. Blum refused to proceed with the transaction and argued, in his Answer, that he had been wrongly induced into signing the agreement. Simply put, he asserted that Betty Salomon has fraudulent misrepresented the value of the property. The same core facts exist in C.A. No. 07-009 T, with the parties reversed. In other words, Blum filed suit against Betty Salomon seeking to undo or reform the agreement based upon the agreement based upon the same fraudulent misrepresentations. Although Blum added an additional defendant, namely Betty Salomon's son, David Salomon, he contends that David Salomon made the same misrepresentations as his mother.

Both actions are presently pending in this court. The consolidation will not result in an unfair advantage to the Salomons and, indeed, there is absolutely no reason to believe that Blum will be prejudiced by the consolidation. If anything, the failure to consolidate these matters will create more confusion; more expense and the expenditure of more judicial time.

Based upon the foregoing, the motion to consolidate should be granted.

Plaintiffs
By their Attorney,

/s/ Barry J. Kusinitz

Barry J. Kusinitz, Esq. (#1404)
155 South Main Street, Suite 405
Providence, RI 02903
Tel: 401.831.4200
Fax: 401.831.7053
E-Mail: bkusinitz@bdglawyers.com

DATED: April 10, 2007

**Certification**

I hereby certify that on the 10th day of April, 2007, a true and accurate copy of the within was e-mailed with the Court and as a result the following will be noticed electronically at the time of filing, to the following: J. Richard Ratcliffe, Esq., 1600 Financial Plaza, Providence, RI 02903.

/s/ Barry J. Kusinitz