**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MILTON SALOMON and BETTY SALOMON,

Plaintiffs,

vs.

EVAN BLUM,

Defendant.

Case No.: 06-0289T

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND**

Having moved to amend his answer in the above-captioned civil action, the Defendant, Evan Blum, submits the following memorandum in support of that motion.

**FACTS AND TRAVEL**

On or about May 24, 2006, Plaintiffs Betty and Mitlon Salomon ("the Salomons") filed a summons and complaint in the Rhode Island Superior Court for Washington County alleging breach of contract against the Defendant, Evan Blum, ("Mr. Blum"), a resident of New York. On or about June 22, 2006, Mr. Blum, *pro se*, removed this matter to the United States District Court for the District of Rhode Island based on 28 U.S.C. § 1332, and filed his answer shortly thereafter. In his answer, Mr. Blum included a counterclaim against the Salomon's largely reflecting the allegations set forth in a related matter against the Salomons that Mr. Blum previously filed in the United States District Court for the Southern District of New York. That matter has since been transferred to this District, and is now docketed as C.A. No. 07-009T. The two cases have since been consolidated for trial.

On or about July 18, 2006, Mr. Blum retained counsel with respect to the instant matter. Subsequently, he requested his counsel's assistance with respect to C.A. No. 07-009 as well. As a result, Mr. Blum filed an amended complaint in that matter on March 22, 2006, thereby dismissing two of the original five defendants. Having since reviewed his answer in this case, *i.e.*, C.A. No. 06-289, and in light of the recent consolidation, Mr. Blum filed this motion to amend.

## STANDARD OF REVIEW

A party may amend his pleading by leave of Court, which leave "shall be freely given when justice so requires." See FED. R. CIV. P. 15(a). Such leave, in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . should, as the rules require, be 'freely given.'" *Charron* v. *Picano*, 811 F. Supp. 768, 773 (D.R.I. 1993).

## DISCUSSION

Now with the assistance of counsel, Mr. Blum seeks to amend his pleading in the above-captioned matter so as to clarify his answer to the Salomon's complaint, substantially modify his affirmative defenses, and dismiss his counterclaims in light of the consolidation of this matter with C.A. No. 07-009T. This motion is timely, the first of its kind offered by Mr. Blum in this matter, and offered in good faith so as to clarify the issues in dispute and claims to be adjudicated. Finally, it poses no prejudice to the Salomons.

## CONCLUSION

For the reasons stated above, Defendant, Evan Blum, requests that this Court allow his Motion to Amend.

Dated this 18th day of May, 2007

The Plaintiff,
Evan Blum,
By his Attorney,

Ratcliffe Burke Harten & Elias, LLP

/s/ J. Richard Ratcliffe, #2603
Jeffrey Biolchini, #7320
1600 Financial Plaza
Providence, R.I. 02903
(401)331-3400
(401)331-3440 Fax

**CERTIFICATION**

I hereby certify that on the 18th day of May, 2007, a true and accurate copy of the within was mailed, postage prepaid, to:

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

Kathleen Dias