**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MILTON SALOMON and BETTY SALOMON, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No.: 06-0289T |
| EVAN BLUM, | ) | |
| Defendant. | ) | |

**DEFENDANT EVAN BLUM'S**
**STATEMENT OF CLAIMS**

Pursuant to Local Rule 16(c) and in accordance with this Court's notice of June 12, 2007, the Defendant, Evan Blum ("Mr. Blum"), hereby submits the following statement of elements that he must establish in order to prevail on his defenses in the above-captioned matter, and the claims he has asserted in the consolidated matter denominated First Amended Complaint, C.A. No. 07-009T

**COUNT I**
*Fraud in the Inducement*

Upon his establishing fraud in the inducement, Mr. Blum may elect either to rescind the contract at issue, or to affirm it and sue for damages. See *Travers* v. *Spidell*, 682 A.2d 471, 472 (R.I. 1996) (qualifying the principle that fraud "vitiates all contracts"); *Zaino* v. *Zaino*, 818 A.2d 630, 636 (R.I. 2003). Accordingly, this claim is set forth as Count I in Mr. Blum's First Amended Complaint, and as his First Affirmative Defense in the above-captioned matter. To establish this claim, a buyer must prove: (1) that his seller made a false representation, (2) that the seller intended the buyer to rely on such false representation, and (3) that the buyer did, in fact, so rely. See *id.* at 472-73; *Ed Peters Jewelry Co., Inc.* v. *C & J Jewelry Co. Inc.*, 215 F.3d 182, 192 (1st Cir. 2000), citing *Travers*, 682 A.2d at 472-73. This defense has been successfully

asserted in the context of real estate transactions, see e.g., *Stebbins* v. *Wells*, 766 A.2d 369 (R.I. 2001), and the failure to read a contract before signing is not a bar to relief. See *Carlsten* v. *Oscar Gruss & Son, Inc.*, 853 A.2d 1191, 1195-96 (R.I. 2004); *Industrial Trust Co.* v. *Colt*, 128 A. 200, 203 (R.I. 1925) (stating that "a court of equity will not be restrained by the parol evidence rule, the statute of wills or the statute of frauds; and will not permit the provisions of either, designed to prevent fraud, to be used for its accomplishment.")

**COUNT II**
*Negligent Misrepresentation*

"[T]he duty that sellers owe to subsequent purchasers is established primarily through contracts between the parties who theoretically reach an arms-length agreement on a sale price that reflects the true value of land." *Hydro-Manufacturing, Inc.* v. *Kayser-Roth Corp.*, 640 A.2d 950, 955 (R.I. 1994), citing *Philadelphia Elec. Co.* v. *Hercules, Inc.*, 761 F.2d 303, 312 (3rd Cir. 1985). However, a seller who does not deal truthfully with his buyer may be liable in an action for misrepresentation. See *id.* To establish such a claim, the plaintiff must "prove one person's manifestation to another, by words or other conduct, that, under the circumstances, amounts to an assertion that is not in accordance with the facts." *Fraioli* v. *Lemcke*, 328 F. Supp.2d 250, 268 (D.R.I. 2004), citing *Stebbins*, 766 A.2d at 372 n.4. In light of the above and the facts of this case, Mr. Blum has set forth a claim of negligent misrepresentation as Count II in his First Amended Complaint, and as his Second Affirmative Defense in the above-captioned matter.

**COUNT III**
*Good Faith and Fair Dealing*

"[U]nder Rhode Island law, virtually every contract contains an implied covenant of good faith and fair dealing between the parties." *Bacou Dalloz USA, Inc.* v. *Cont'l Polymers, Inc.*, 344 F.3d 22, 28 (1st Cir. 2003) (internal quotations omitted). This covenant exists "so that the

contractual objectives may be achieved." *Ide Farm & Stable, Inc. v. Cardi*, 297 A.2d 643, 644 (R.I. 1972); *Laz-Karp Realty, Inc. v. Gilbert*, 777 F. Supp. 1085, 1088 (R.I. 1990), citing *Ide Farm*, 297 A.2d at 645. One violates this covenant when in the course of negotiations or performance, he acts to deny the other party the fruits of the contract. See *id.*; *Hurd Corp. v. Polymer Research Corp. of America*, 275 F. Supp.2d 229, 237 (D.R.I. 2003) (stating that the covenant "is regarded as a counterpromise that the promisee will act in a manner consistent with the purposes of the contract.").

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Mr. Blum is not bound by the parties' agreement as his assent was obtained by way of fraudulent inducement. The elements to this defense are outlined above.

SECOND AFFIRMATIVE DEFENSE

Mr. Blum is not bound by the parties' agreement as the agreement is voidable due to the Plaintiffs' negligent misrepresentations of fact with respect to the Property. The elements to this defense are outlined above.

THIRD AFFIRMATIVE DEFENSE

Mr. Blum is not bound by the parties' agreement as both parties to this action have labored under a mutual mistake as to a basic contractual assumption. Such a mistake must be one "common to both parties wherein each labors under a misconception respecting the same terms of the written agreement sought to be canceled." *McEntree v. Davis*, 861 A.2d 459, 463 (R.I. 2004). "An agreement containing a mutual mistake fails in a material respect correctly to reflect the understanding of both parties." *Id.* Finally, the party asserting this defense must establish the aforesaid elements by clear and convincing evidence. *Id.*

FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to any equitable or injunctive relief as they come to this Court with unclean hands and present no irreparable harm. In Rhode Island, it is well settled that before awarding any equitable relief, "the complaining party must show that any legal remedy would be inadequate." *R.I. Turnpike and Bridge Auth.* v. *Cohen*, 433 A.2d 179, 182 (R.I. 1981). Moreover, the doctrine of unclean hands prohibits a complainant from obtaining equitable relief when he must depend on "his own improper conduct to establish his rights against the other parties to the suit." *Rodriques* v. *Santos*, 466 A.2d 306, 311 (R.I. 1983).

Dated this 6th day of July, 2007

The Plaintiff,
Evan Blum,
By his Attorney,

Ratcliffe Burke Harten & Elias, LLP

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe, #2603
Jeffrey Biolchini, #7320
1600 Financial Plaza
Providence, R.I. 02903
(401)331-3400
(401)331-3440 Fax

**CERTIFICATION**

I hereby certify that on the 6th day of July, 2007, a true and accurate copy of the within was mailed, postage prepaid, to:

Barry J. Kusinitz, Esq.
155 South Main Street
Suite 405
Providence, RI 02903

/s/ J. Richard Ratcliffe
J. Richard Ratcliffe, #2603