UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MILTON SALOMON and :
BETTY SALOMON :
:
vs. : C.A. NO. 06 -289 T
:
EVAN BLUM :

**PLAINTIFF'S STATEMENT OF CLAIM(S)**

The facts as asserted by the Plaintiff[1] are set forth clearly in the Complaint and amount to nothing more, from a legal perspective, than a simple breach of contract case. Since this case invokes diversity jurisdiction, Rhode Island law would be applied at least as to the substance of this matter.

To briefly recapitulate, the Salomons own certain real estate located in Hopkinton, Rhode Island (the "Property"). The Property is comprised of approximately twenty acres and includes a house where the Salomons made their home for over thirty years. The Salomons offered the Property for the sum of $850,000.00. Blum bargained the Salomons down somewhat to $825,000.00[2] and signed a purchase and sale agreement, without any contingencies, on or

---

1 ` The Salomons were husband and wife. Milton Salomon passed away during the pendency of this action. Betty Salomon is 86 years old. Given the foregoing, the Plaintiff would appreciate expedited consideration in terms of a trial date.

2 There is an e-mail exchange to this effect by and between Victor Orsinger, who represented the Salomons, and Blum himself. Further, Blum, a saavy businessman, author and litigant, testified at his deposition that he valued his property at the "vicinity of 400, give or take" and felt that the Salmon property was worth double that "because they had double the acreage."

about October 3, 2005. Blum refused to close claiming alternatively that the transaction was subject to financing and that the price should have been determined by averaging various appraisals. Again, neither of these contingencies appeared in the purchase and sale agreement.

Under Rhode Island law, "[a] contract arises when the parties manifest their mutual assent to its terms and consideration is given. Ordinarily, the expression of mutual assent takes the form of an offer by one party manifesting its willingness to enter into the proposed agreement and an acceptance of that offer by the other party." *Ardito v. City of Providence*, 263 F. Supp. 2d 358, 366 (D.R.I. 2003) (Torres, C.J.) (citations omitted); *See also*, *Sheehan v. Richardson*, 315 B.R. 226, 240 (D.R.I. 2004) (Lagueux, J.) All elements are present here.

Further, when no ambiguity exists in the terms of an agreement (and none exists here), judicial construction is at an end for the terms will be applied as written. *Monahan v. Girouard*, 911 A.2d 666 (R.I. 2006). *See also*, *Rivera v. Gagnon*, 847 A.2d 280, 284 (R.I. 2004) ("[I]t is well established that a document must be viewed in its entirety, and the contract terms must be assigned their plan and ordinary meaning. If the contract terms are clear and ambiguous, judicial construction is at an end for the terms will be applied as written. We note that a determination of ambiguity, a question of law, is confined to the four corners of

the agreements. An ambiguity occurs only when the contract term is 'reasonably and clearly susceptible of more than one interpretation.'")

As the Court may have surmised, Blum is not happy with the deal that he made; however, the contracting parties can make as good a deal or as bad a deal as they see fit. *Rivera v.Gagnon*, 847 A.2d at 285. Blum's arguments conspicuously ignore the concept of mutual mistake perhaps because there has not been one. A "mutual mistake" is one that is common to both parties wherein each labors under a misconception respecting the same terms of the agreement or understanding sought to be cancelled. *Rivera v. Gagnon*, 847 A.2d at 284; *McEntee v. Davis*, 861 A.2d 459, 463 (R.I. 2004).

Blum has also suggested that he is somehow excused from reading the purchase and sale agreement. However, a party who signs an instrument that manifests his assent to it cannot later complain that he did read the instrument or that he did not understand its contents. *Carlsten v. Oscar Gruss & Son, Inc.*, 853 A.2d 1191, 1995 (R.I. 2004); *Fleet Nat. Bank v. 175 Post Road, LLC*, 851 A.2d 267 (R.I. 2004); *Rivera v. Gagnon*, 847 A.2d at 284. Further, the Court need not look beyond the unambiguous terms of an agreement because the parol evidence rule bars the admission of previous or contemporaneous oral statements that attempt to

modify an integrated written agreement. *Fleet Nat. Bank v. 175 Post Road, LLC*, 851 A.2d at 276.[3]

As the Court may recall, there is a companion action, being C. A. No. 07 – 009 T (entitled *Blum v. Salomon*, which was transferred from the Southern District of New York), which has been consolidated with the above matter. Blum has argued therein that the the sale price should be adjusted based upon the averaging of several appraisals. This notion is not supported by the purchase and sale agreement or any other writing for that matter and is, therefore, barred by the Statute of Frauds, R.I.G.L. § 9-1-4. Even if it were otherwise, it is not clear what appraisals Blum refers to. The Salomons commissioned two appraisals or market valuations prior to offering the property at $850,000.00 and Blum himself

---

[3] *But see*, *Carlsten v. Oscar Gruss & Son, Inc.*, 853 A.2d at 1196. This case stands for the proposition that parol evidence is admissible in connection with the proving a claim for fraud in the inducement of a contract. How can these two precepts be harmonized, or, put another way, does the "parol evidence rule" really exclude parol evidence if the claimant asserts fraud in the inducement? Sadly, the cases are hopefully confused. However, the First Circuit (applying Massachusetts law) has suggested that parol evidence comes into play only if a written agreement is not integrated. *See*, *Bank v. International Business Machines Corp*., 145 F.3d 420, 424 (1st Cir. 1998) and *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 179-180 (1st Cir. 2995). In the latter case, Judge Selya opined that "[a]s a general rule, a court should not consider extrinsic evidence unless the contract's terms are vague or ambiguous . . . . In no event may extrinsic evidence be employed to contradict explicit contract language or to drain an agreement's text of all content save ink and paper." (N.B., The "parole evidence rule" is a rule of substantive contract law. *See*, 6 *Corbin on Contracts* §573 (Interim Ed. 2002). This explains why the First Circuit applied state law.) The Rhode Island cases simply pile axiom upon axiom and make no attempt, at least to the undersigned, to discuss the inherent contradiction between the several axioms.

(or his potential mortgagee) commissioned a third appraisal which was not conducted until well after the purchase and sale agreement was executed.

Plaintiffs
By their Attorney,

/s/ Barry J. Kusinitz
Barry J. Kusinitz, Esq. (#1404)
155 South Main Street, Suite 405
Providence, RI 02903
Tel: 401.831.4200
Fax: 401.831.7053

DATED: July 9, 2007

**Certification**

I hereby certify that on the 9th day of July, 2007, a true and accurate copy of the within was e-mailed with the Court and as a result the following will be noticed electronically at the time of filing, to the following: J. Richard Ratcliffe, Esq., 1600 Financial Plaza, Providence, RI 02903.

/s/ Barry J. Kusinitz